**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JUSTIN JOSEPH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-493-CDL-AGH |
| | : | |
| ANTHONY JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Justin Joseph, a prisoner in the Muscogee County Jail in Columbus, Georgia, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and filed a "motion for entering testimony" (ECF No. 4) and a motion for summary judgment (ECF No. 5). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, and Plaintiff's motion for entering testimony will be construed as a motion to amend the Complaint and is likewise **GRANTED.** It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A and § 1915(e) and that his motion for summary judgment be **DENIED as moot.**

## MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). Mot. for IFP, ECF No. 2. Plaintiff's submissions

demonstrate that he is presently unable to pay the cost of commencing this action. *Id.* Thus, his motion to proceed IFP (ECF No. 2) is **GRANTED.**

However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in his trust account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Official Cert. of Prisoner Acct., ECF Nos. 2-1, 2-2. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.  Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to

Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.

3

28 U.S.C. § 1915A(a). "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations

Plaintiff's claims arise from criminal proceedings against him in Muscogee County, Georgia. Compl. 5, ECF No. 1.[1] According to the Complaint, Plaintiff "went to court" on a robbery by snatching charge and was represented by Defendant Anthony Johnson. *Id.*; *see also* Mot. to Amend Compl. 1, ECF No. 4. Plaintiff alleges that Defendant Johnson and the presiding judge, Defendant Martin, agreed that Plaintiff should participate in an Integrated Treatment Facility ("ITF") program.

---

[1] Plaintiff's "motion for entering testimony" appears to provide additional context to Plaintiff's Complaint, and the Court therefore construes it as a motion to amend the Complaint. *See, e.g.*, Mot. to Amend Compl. 1, ECF No. 4 ("I am writing a Testimony for a better out look [sic] on my complaint."). Plaintiff has the right to amend his Complaint once at this stage of the litigation, *see* Fed. R. Civ. P. 15(a), and thus this motion is **GRANTED.**

Compl. 5.  Plaintiff thus signed an agreement that he would return to the court for resentencing if he was not accepted by the ITF program.  *Id.*

Several weeks later, Defendant Johnson advised Plaintiff that he would not be eligible for the ITF program.  Compl. 5.  Plaintiff asked Defendant Johnson to notify the appropriate person that Plaintiff had not been accepted.  *Id.*  It is unclear whether Defendant Johnson did so, but later the same day the mental health office messaged Plaintiff to tell him he was now "waiting on RSAP which wasn't agr[]reed upon."  *Id.*[2] Plaintiff thus appears to suggest that Defendants Johnson and Martin violated Plaintiff's constitutional rights relating to his sentencing, and he seeks release from jail and monetary damages.  *Id.* at 5-6; *see also* Mot. to Amend Compl. 2 (stating that Defendant Johnson "was ineffective counsel" and is "the reason for [Plaintiff] remaining in limbo and still incar[ce]rated").

## III.   Plaintiff's Claims

Plaintiff's claims in this case are subject to dismissal.  As a preliminary matter, Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]"  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at 488-90).  Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations

---

[2] "RSAP" likely refers to a Residential Substance Abuse Treatment program.

he alleges, such relief is not available in a § 1983 case.[3]

Furthermore, judicial immunity bars Plaintiff's claims against Defendant Martin. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* In this case, Defendant Martin's allegedly unconstitutional conduct occurred entirely during Plaintiff's state court proceedings; there is no suggestion that he acted in the clear absence of all jurisdiction. Thus, Defendant Martin is entitled to judicial immunity, and the claims against him should be dismissed.

---

[3] To the extent Plaintiff is challenging the legality of a past conviction or sentence, the doctrine set forth in *Heck* would also likely bar any claims for damages. In *Heck*, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. If it would, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. If the prisoner cannot show that his conviction or sentence has been invalidated in this manner, the prisoner's § 1983 claim is not cognizable. *Id.* at 487.

Similarly, Plaintiff's claims concerning his current incarceration could implicate the United States Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger*, federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g., Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (extending *Younger* to § 1983 actions for money damages).

It is not clear whether *Heck* or *Younger* applies because it is not clear whether the criminal proceedings against Plaintiff have terminated. The Court need not address these bases for dismissal in any additional detail, however, because Plaintiff's Complaint is subject to dismissal as set forth herein.

Finally, to the extent Plaintiff seeks to sue his own attorney, he has likewise failed to state a § 1983 claim. As Plaintiff's defense counsel, Defendant Johnson did not act under color of state law and is therefore not subject to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding that in representing a criminal defendant, a public defender is not a state actor); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Although an individual defense attorney may be sued under § 1983 if he conspired with someone who did act under color of state law, Plaintiff has not alleged any facts that would support the existence of a conspiracy in this case. *See Wahl*, 773 F.2d at 1173; *see also Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action."). Plaintiff's claims against Defendant Johnson should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP (ECF No. 2) and his motion for entering testimony (ECF No. 4) are **GRANTED**. It is **RECOMMENDED**, however, that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A and § 1915(e) and that his motion for summary judgment (ECF No. 5) be **DENIED as moot.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED** this 12th day of March, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE